1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
2     Daniel C. Posner (Bar No. 232009)
      danposner@quinnemanuel.com
3     Susan Estrich (Bar No. 124009)
      susanestrich@quinnemanuel.com
4     Zack Schenkkan (Bar No. 304738)
      zackschenkkan@quinnemanuel.com
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   QUINN EMANUEL URQUHART & SULLIVAN, LLP
9     Robert L. Raskopf (admission *pro hac vice* pending)
      (robertraskopf@quinnemanuel.com)
10    51 Madison Avenue, 22nd Floor
    New York, New York  10010-1601
11    Telephone: (212) 849-7000
      Facsimile: (212) 849-7100
12
    Attorneys for Defendant and
13  Counterclaimant Gucci America, Inc.

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17

18  FOREVER 21, INC., a Delaware          CASE NO. CV 17-04706-FMO(Ex)
    corporation,
19                                        **DEFENDANT GUCCI AMERICA,
              Plaintiff,                  INC.'S PARTIAL ANSWER,
20                                        AFFIRMATIVE DEFENSES, AND
          vs.                             COUNTERCLAIMS FOR**
21
    GUCCI AMERICA, INC., a New York       **1.  REGISTERED TRADEMARK
22  corporation, and GUCCIO GUCCI         INFRINGEMENT**
    S.P.A., an Italian entity,
23                                        **2.  TRADEMARK INFRINGEMENT
              Defendants.                 AND FALSE DESIGNATION OF
24                                        ORIGIN**

25

26

27

28

| | |
|---|---|
| GUCCI AMERICA, INC., a New York corporation, | **3. FEDERAL TRADEMARK DILUTION** |
| Counterclaimant, | **4.  COMMON LAW TRADEMARK INFRINGEMENT** |
| vs. | **5. STATE TRADEMARK DILUTION** |
| FOREVER 21, INC., a Delaware corporation, | **6. STATE UNFAIR COMPETITION** |
| Counter-Defendant. | **DEMAND FOR JURY TRIAL** |

Judge: Hon. Fernando M. Olguin

Trial Date:            None Set

# PARTIAL ANSWER

Defendant Gucci America, Inc. ("Gucci America"), by and through its counsel, hereby answers each allegation of the Complaint of Forever 21, Inc. ("Forever 21" or "Plaintiff") that is not unique to the Second, Third, Fourth, and Fifth claims for relief, which are subject to Gucci America's pending Motion to Dismiss, filed concurrently with this Partial Answer, as follows.

1.      Answering paragraph 1 of the Complaint, Gucci America admits that it has notified Forever 21 of its acts of trademark infringement, but otherwise denies the allegations set forth therein.

2.      Answering paragraph 2 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

3.      Answering paragraph 3 of the Complaint, Gucci America admits that it is a New York corporation having a principal place of business at 195 Broadway, 12th Floor, New York, New York 10007, and otherwise denies the allegations set forth therein.

4.      Answering paragraph 4 of the Complaint, Gucci America admits the allegations set forth therein.

5.      Answering paragraph 5 of the Complaint, Gucci America admits that it is the owner of the U.S. trademark rights it has asserted against Forever 21, but denies that Guccio Gucci S.p.A. is an owner of those trademarks.

6.      Answering paragraph 6 of the Complaint, Gucci America states that the allegations contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

7.      Answering paragraph 7 of the Complaint, Gucci America states that the allegations contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

Case No. CV 17-04706-FMO(Ex)
DEFENDANT GUCCI AMERICA, INC.'S
PARTIAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

8.     Answering paragraph 8 of the Complaint, Gucci America states that the allegations contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

9.     Answering paragraph 9 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

10.     Answering paragraph 10 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

11.     Answering paragraph 11 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

12.     Answering paragraph 12 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

13.     Answering paragraph 13 of the Complaint, Gucci America admits that it sent letters to Forever 21 demanding that it cease its infringing activities, the contents of which speak for themselves, and otherwise denies the allegations set forth therein.

14.     Answering paragraph 14 of the Complaint, Gucci America admits that it sent letters to Forever 21 demanding that it cease its infringing activities, the contents of which speak for themselves, and otherwise denies the allegations set forth therein.

15.     Answering paragraph 15 of the Complaint, Gucci America admits that it sent letters to Forever 21 demanding that it cease its infringing activities, the contents of which speak for themselves, and otherwise denies the allegations set forth therein.

16.     Answering paragraph 16 of the Complaint, Gucci America refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth therein.

17.     Answering paragraph 17 of the Complaint, Gucci America admits the allegations set forth therein.

18.     Answering paragraph 18 of the Complaint, Gucci America admits that it asserted its trademark rights in various federal trademark registrations identified in this paragraph of the Complaint, but otherwise denies the allegations set forth therein.

19.     No answer to the allegations in paragraph 19 of the Complaint is required pursuant to Gucci America's pending Motion to Dismiss.

20.     Answering paragraph 20 of the Complaint, Gucci America states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth therein.

21.     No answer to the allegations in paragraph 21 of the Complaint is required pursuant to Gucci America's pending Motion to Dismiss.

22.     Answering paragraph 22 of the Complaint, Gucci America admits that it sent letters to Forever 21 demanding that it cease its infringing activities, the contents of which speak for themselves, and otherwise denies the allegations set forth therein.

23.     Answering paragraph 23 of the Complaint, Gucci America admits that it sent letters to Forever 21 demanding that it cease its infringing activities, the contents of which speak for themselves, and otherwise denies the allegations set forth therein.

24.     Answering paragraph 24 of the Complaint, Gucci America admits the allegations set forth therein.

25.     Answering paragraph 25 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations set forth therein relating to "Forever 21's knowledge," and, on that basis, denies them.

26.     Answering paragraph 26 of the Complaint, Gucci America admits that it has federal trademark rights in the registrations referred to by Forever 21 as the "Gucci Registrations," but otherwise denies the allegations set forth therein.

27.     Answering paragraph 27 of the Complaint, Gucci America is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

28.     Answering paragraph 28 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

29.     Answering paragraph 29 of the Complaint, Gucci America denies the allegations set forth therein.

30.     Answering paragraph 30 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

## FIRST CAUSE OF ACTION

### (Declaration of Non-Infringement)

31.     Answering paragraph 31 of the Complaint, Gucci America incorporates herein by reference its responses to the allegations in paragraphs 1 through 18, 20, and 22 through 30 of the Complaint as though fully set forth herein.

32.     Answering paragraph 32 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

33.     Answering paragraph 33 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

34.    Answering paragraph 34 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

35.    Answering paragraph 35 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

36.    Answering paragraph 36 of the Complaint, Gucci America states that the allegations set forth therein contain legal conclusions to which no response is required; otherwise, Gucci America denies the allegations set forth therein.

## SECOND CAUSE OF ACTION

### (Cancellation of Federal Registration Nos. 4379039, 4563151, and 4567112 for Lack of Secondary Meaning)

37.    No answer to paragraph 37 is required pursuant to Gucci America's pending Motion to Dismiss.

38.    No answer to paragraph 38 is required pursuant to Gucci America's pending Motion to Dismiss.

## THIRD CAUSE OF ACTION

### (Cancellation of Federal Registration Nos. 1495863, 1511774, 1520796, 1483526, 1123224, 1122780, 4379039, 4563151, and 4567112 for Aesthetic Functionality)

39.    No answer to paragraph 39 is required pursuant to Gucci America's pending Motion to Dismiss.

40.    No answer to paragraph 40 is required pursuant to Gucci America's pending Motion to Dismiss.

## FOURTH CAUSE OF ACTION

### (Cancellation of Federal Registration Nos. 1495863, 1511774, 1520796, 1483526, 1123224, 1122780, 4379039, 4563151, and 4567112 for Genericism)

41.    No answer to paragraph 41 is required pursuant to Gucci America's pending Motion to Dismiss.

42.     No answer to paragraph 42 is required pursuant to Gucci America's pending Motion to Dismiss.

## FIFTH CAUSE OF ACTION

**(Denial of Federal Registration of Marks in USPTO Application Serial Nos. 87116786, 87206686, 87116368, 87390952, and 87391139)**

43.     No answer to paragraph 43 is required pursuant to Gucci America's pending Motion to Dismiss.

44.     No answer to paragraph 44 is required pursuant to Gucci America's pending Motion to Dismiss.

45.     No answer to paragraph 45 is required pursuant to Gucci America's pending Motion to Dismiss.

46.     No answer to paragraph 46 is required pursuant to Gucci America's pending Motion to Dismiss.

## PRAYER FOR RELIEF

Gucci denies that Forever 21 is entitled to any relief from Gucci America or the Court.

## AFFIRMATIVE DEFENSES

Gucci America asserts the following affirmative defenses as to each claim alleged in the Complaint that is not otherwise subject to Gucci America's pending Motion to Dismiss, filed concurrently with this Partial Answer, without assuming the burden of proof on such defenses that would otherwise fall on Forever 21. Gucci America reserves the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Infringement)

Forever 21 is not entitled to a declaration of non-infringement because its use of Gucci America's trademarks constitutes trademark infringement.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, Estoppel)

Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Forever 21's claims are barred in whole or in part by laches, in that Forever 21 has unreasonably delayed to enforce its rights, if any, despite its full awareness of Gucci America's actions.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Forever 21's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Forever 21's claims for injunctive relief are barred because Forever 21 cannot show that it will suffer any irreparable harm from Gucci America's alleged actions.

## ADDITIONAL DEFENSES

Gucci America reserves the right to assert additional defenses.

WHEREFORE, Gucci America prays for judgment as follows:

1.     That Forever 21 takes nothing by way of its Complaint;

2.     That the Complaint, and each of its claims for relief, be dismissed with prejudice;

1    3.    That Gucci America be awarded its costs of suit incurred herein,

2          including attorneys' fees and expenses; and

3    4.    For such other and further relief as the Court deems just and proper.

4          [*Remainder of Page Intentionally Left Blank*]

## COUNTERCLAIMS

For its counterclaims of trademark infringement, trademark dilution, false designation of origin, and unfair competition, defendant and counterclaimant Gucci America, Inc. ("Gucci America") complains and alleges as follows against plaintiff and counter-defendant Forever 21, Inc. ("Forever 21").

## PRELIMINARY STATEMENT

1.      Not content just to continue knocking-off famous fashion brands and then settling with those who complain—all the while profiting handsomely by flaunting the law—Forever 21 now brazenly masquerades as a victim of unfair competition in search of legal redress in the courts.  Specifically, despite Gucci America's repeated warnings to Forever 21 to cease and desist its piracy of some of Gucci America's most iconic and renowned trademarks, Forever 21 not only continues to market and sell clothing and accessories that blatantly copy those marks, but responded to Gucci America's assertion of its rights by bringing suit to cancel some of the most famous marks in the fashion world.   Gucci America brings these counterclaims because Forever 21 has challenged its most valuable and widely known marks, and further because Forever 21's legal assault, like its business model, is built on undermining the very notion of trademark protection, which is of critical importance to Gucci America's brand.

2.      From its earliest roots almost a century ago as a purveyor of finely crafted leather goods in Italy, the "Gucci" brand ("GUCCI") has grown into one of the best-known global brands for high-end fashion and accessories.  Gucci America has built and expanded its brand on the foundation of its high-quality luxury products coupled with  its consistent and prominent use of a number of logos and designs that have become synonymous with the name "GUCCI" and the products it offers.  Among Gucci America's most famous trademarks are its signature "green-red-green" and "blue-red-blue" webbing trademarks, which have been featured on countless GUCCI products for more than a half-century.  These webbing trademarks

remain tremendously popular and valuable, and Gucci America continues to use them prominently in its products, making them instantly recognizable as GUCCI.

3.      In stark contrast to the GUCCI brand's reputation for innovation in design and high-end fashion, Forever 21 has built its business on imitation.  On information and belief, this business model has resulted in Forever 21 being sued dozens if not hundreds of times in recent years for infringements and other violations of the intellectual property rights of designers and famous brands, with unknown additional claims of piracy that were resolved short of litigation.

4.      Consistent with Forever 21's standard practice of knocking off famous brands, in or around December 2016, Gucci America discovered that Forever 21 was using Gucci America's distinctive "green-red-green" and "blue-red-blue" webbing trademarks on Forever 21's own products, including as shown in the following examples:

| Gucci America's Famous Webbing Trademarks | Forever 21's Infringing Uses |
| --- | --- |
|  |  |

| Gucci America's Famous Webbing Trademarks | Forever 21's Infringing Uses |
|---|---|
|  |  |
|  |  |

5.     Forever 21's conduct has created a likelihood of substantial confusion among consumers as to the source or origin of Forever 21's products and has deceived consumers into thinking that Forever 21 is affiliated with, sponsored by, or endorsed by Gucci America.  It is not.  Gucci America has not and does not consent to Forever 21's use of its marks on Forever 21 products.  Further, Forever 21's use of Gucci America's marks has damaged Gucci America by impinging on the distinctiveness of the marks that consumers recognize as a designation of origin

associated exclusively with the GUCCI brand, and by falsely associating Gucci America's symbol of quality in luxury goods and high-end fashion with Forever 21's brand of mass-produced designer "knock-offs."

6.     Forever 21 has initiated this action preemptively seeking to terminate the very Gucci America trademarks that it has wrongfully misappropriated. Forever 21 surely knows how strong these trademarks are, and, in seeking to cancel them nonetheless, is taking aim not only at Gucci America, but also at any other company that has earned brand recognition through creativity, innovation and investment. Gucci America's trademarks rest on nearly a century of work in establishing and maintaining the GUCCI brand's reputation for high-quality goods that are instantly recognizable to consumers as "GUCCI" brand products and that incorporate the impeccable quality for which the GUCCI brand is known. Forever 21 cannot undo the substantial consumer confusion it has created, or the resulting damages it has caused, by wrongfully seeking to divest Gucci America of its famous trademarks.

7.     Accordingly, by these Counterclaims, Gucci America seeks to recover against Forever 21 for its willful and intentional trademark infringement and other violations of Gucci America's long-held exclusive rights in its iconic green-red-green and blue-red-blue webbing trademarks. In doing so, Gucci America is standing up again to assert its commitment to its customers that it will protect the value and quality of GUCCI products, and that it will not allow infringements of, or attacks on, its signature trademarks.

## THE PARTIES

8.     Counterclaimant Gucci America, Inc. is a New York corporation, having its principal place of business at 195 Broadway, 12th Floor, New York, New York 10007.

9.     Upon information and belief, counter-defendant Forever 21 is a Delaware corporation and has its principal place of business at 3880 N. Mission Road, Los Angeles, California 90031.

## JURISDICTION AND VENUE

10.     This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), and the laws of the State of California.

11.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).   This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).  Alternatively, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     This Court has personal jurisdiction over Forever 21 because Forever 21 brought this action in this Court and thereby consented to its jurisdiction. Alternatively, this Court has personal jurisdiction over Forever 21 because, among other things, it is doing business in the State of California and, upon information and belief, its principal place of business is in this district.

13.     Venue is proper in this district because Forever 21 brought this action in this Court and thereby consented to venue.  Alternatively, venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Forever 21 resides in and is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

A.     **The GUCCI Brand and Gucci America's Famous Green-Red-Green and Blue-Red-Blue Webbing Logos**

14.     The GUCCI brand's status as one of the world's premier brands is the result of nearly a century of excellence and innovation in luxury and leather goods, fashion, and accessories.   From its inspired beginnings in Florence, Italy in the 1920s, to its rise as a global fashion company in the second-half of the 20th century, GUCCI has represented the pinnacle of Italian craftsmanship.   Today, Gucci America distributes, among other things, clothing, accessories, footwear, lifestyle

products, jewelry and watches sold under the famous GUCCI brand name in the United States.

15.     The origin of the GUCCI brand stems from the inspirations that its founder, Guccio Gucci, took from his time as a young boy in Florence and as a porter in London during the early 20th Century.  While in London, he dreamed of opening a shop in Florence that would sell beautiful leather pieces like those he saw hotel guests using.  When he returned to Florence, he opened a leather goods shop on via Vigna Nuova.  Behind the store was a small workshop where Guccio began making fine luggage and handbags, using the highest quality leather from Tuscan, German, and English manufacturers.

16.     In the ensuing decades, the GUCCI brand expanded from a small family business based in Italy to an international brand with a worldwide presence. In 1953, Gucci America opened its first store in New York City on East 58th Street, introducing Americans to Italian fashion.  Throughout the second half of the 20th century, the GUCCI brand continued to expand its presence across the globe.

17.     In the United States and Puerto Rico, Gucci America now has approximately 100 GUCCI-branded and Gucci America-owned/operated retail boutiques where it sells its products.  Gucci America also sells its products through its official website, www.gucci.com, as well as in several high-end retail department stores, including Neiman Marcus, Saks Fifth Avenue, Bergdorf Goodman and Nordstrom.  Although GUCCI is a luxury brand, Gucci America markets and sells products to customers in nearly every demographic, including teenagers and young adults, offering products at a variety of price points.

18.     Much of the GUCCI brand's growth and success can be traced to its long-standing and prominent use of its iconic trademarks on its high-quality goods, such that customers instantaneously know that such products are GUCCI.  Among its most famous marks, and those at issue in this lawsuit, are Gucci America's signature webbing trademarks consisting of three bands in green-red-green ("GRG

Webbing Logo") and blue-red-blue ("BRB Webbing Logo") color combinations (together, the "Webbing Logos"), as depicted below:

| The GRG Webbing Logo | The BRB Webbing Logo |
|---|---|
|  |  |

19.    Gucci America has consistently used the Webbing Logos in commerce since the 1960s.  The Webbing Logos are inherently distinctive and, through Gucci America's decades of use of the Webbing Logos across a variety of luxury goods, have acquired distinctiveness.

20.    Gucci America's famous Webbing Logos are instantly recognizable and are known by the American consuming public as designating GUCCI as the origin of the products on which they are displayed.  Products bearing the Webbing Logos are sought after by consumers because, among other reasons, they represent the high quality in luxury goods and high-end fashion for which GUCCI is known. Gucci America uses the Webbing Logos in connection with the promotion and sale of clothing, footwear, handbags, fashion accessories, and many other categories of goods and services.  By way of example only, below are some of the products Gucci America has sold using the Webbing Logos:

| "Stretch Viscose Dress with Web" | "Ruffle Leather Bomber Jacket" |
|---|---|
|  |  |
| "Stretch Viscose Legging with Web" and "Wool Cropped Pant" | "Felted Jersey Wrap Skirt" |
|  |  |
| "Dionysus Medium Leather Hobo" and "Leather Duffle" | "Ace Leather Sneaker" |
|  |  |

| Gucci Watch (GRG) | Gucci Watch (BRB) |
|---|---|
|  |  |

21.    Gucci America has established valuable trademark rights in the U.S., and significant goodwill among U.S. consumers, in its Webbing Logos by virtue of its long-standing use of them in commerce.

22.    Every year, Gucci America spends tens of millions of dollars on advertising.  As part of its effort to reach a broad range of customers, Gucci America advertises in a variety of publications, including fashion magazines like *Vogue*, *Harper's Bazaar*, *Elle*, *Marie Claire*, *W Magazine*, *GQ and Esquire*, and lifestyle magazines such as *Vanity Fair* and *The New Yorker*.  Gucci America also advertises on billboards, in malls, and on telephone kiosks and taxi tops, as well as through a host of online media sources, including social media platforms such as Facebook and Instagram.   GUCCI has consistently been recognized as a top global brand and a top luxury brand.  For example, GUCCI is presently in the top 50 of *Forbes*' list of *The World's Most Valuable Brands*.[1]  In 2016, *Interbrand Best*

---

[1]    *See* https://www.forbes.com/powerful-brands/list/#tab:rank  ("*The World's Most Valuable Brands*") (2017 rankings).

*Global Brands* designated GUCCI as one of the Top Global 100 brands and has, for the past 17 years, named GUCCI as the #1 Italian brand in the ranking.[2]

23.   Additionally, over the course of decades, Gucci America has invested substantially in the promotion and marketing of goods bearing the Webbing Logos. Since 2003 alone, Gucci America has spent more than $20 million on advertising featuring the Webbing Logos in the United States.   A compilation of examples of Gucci America's advertising of goods bearing the Webbing Logos in recent years is attached hereto as **Exhibit A**.   Because of Gucci America's long-standing and widespread use of the Webbing Logos, those logos have become essential to, and representative of, GUCCI's brand identity.

24.   Independent of Gucci America's own advertising efforts, GUCCI products bearing the Webbing Logos have received significant acclaim and attention from third-parties, including exposure in national media and the marketplace. Examples of editorial coverage of GUCCI products bearing the Webbing Logos are included in **Exhibit B**.   Indeed, a Gucci men's suit—properly identified as "Gucci"—that prominently features the GRG Webbing Logo was displayed just a few weeks ago on the front page of the July 14, 2017 *New York Times*, and also displayed, full-page, as the lead photo for the cover story of its *Men's Style* section in the same issue:

---

[2]   *See   Best   Global   Grands   2016   Rankings*, INTERBRAND, http://interbrand.com/best-brands/best-global-brands/2016/ranking/;   *Best   Global Grands 2016 Rankings: Italy*, INTERBRAND, http://interbrand.com/best-brands/best-global-brands/2016/ranking/#?filter=Italy.

Case No. CV 17-04706-FMO(Ex)
DEFENDANT GUCCI AMERICA, INC.'S
PARTIAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS



The July Issue
'I can't wear those big old Steve Harvey suits.' PAGE 8

FASHION | LIFESTYLE | LEISURE

# Men's Style
### The New York Times

FRIDAY, JULY 14, 2017   D1

Grace Under Pressure   The rise of Eric Underwood in the world of ballet.   BY ALIT THORNE | PAGE 7

**July 14, 2017** *New York Times*

25.     Gucci America's use of the Webbing Logos has resulted in substantial sales of GUCCI products under the Webbing Logos by Gucci America every year. In the last 14 years alone, Gucci America has sold more than half a billion dollars' worth of products bearing the GRG and/or BRB Webbing Logos.

-19-

26.     As a result of Gucci America's long-standing use of the Webbing Logos, its substantial investment of resources in advertising and promoting the Webbing Logos over time, and the Webbing Logos' popularity in American culture and among consumers, the Webbing Logos have achieved widespread recognition among the general consuming public of the United States and around the world as distinctive source-identifiers for GUCCI.  The GRG and BRB Webbing Logos are synonymous with GUCCI across the general consuming public.  Indeed, Judge Scheindlin of the Southern District of New York concluded that the GRG Webbing Logo was a famous mark within the meaning of the Trademark Dilution Revision Act of 2006, stating that it was a "***strong, famous*** **mark** "***entitled to the strictest protection the law affords***." *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp.2d 207, 246 (S.D.N.Y. 2012) (emphasis added).

27.     Other courts—including the Ninth Circuit Court of Appeals and courts in this district—have similarly recognized the distinctiveness and strength of Gucci America's GRG Webbing Logo.  *See, e.g., Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 511 (9th Cir. 1988) (the "red and green Gucci stripe" is "distinctive"); *Gucci Am., Inc. v. Los Altos Boots, Inc.*, 2014 WL 12561613, at *5 (C.D. Cal. Aug. 27, 2014) (finding "sufficient" evidence that GRG Webbing Logo "has acquired secondary meaning because the company has spent substantial time, skill, and money to develop, advertise, and promote the Gucci Mark, leading to its widespread recognition among consumers"); *Gucci Am., Inc. v. Super Star Int'l, Inc.*, 2013 WL 12114741, at *3 (C.D. Cal. Nov. 8, 2013) ("The strength of the Gucci [GRG Webbing] Marks makes confusion more likely."); *Gucci Am., Inc. v. Gucci*, 2009 WL 8531026, at *14 (S.D.N.Y. Aug. 5, 2009) (finding that Gucci America "has shown that its marks are valid trademarks"); *Gucci Am., Inc. v. Action Activewear, Inc.*, 759 F. Supp. 1060, 1064 (S.D.N.Y. 1991) (finding it "clear that plaintiffs' marks," including GRG Webbing Logo, "have acquired secondary meaning in the minds of the public, identifying plaintiffs as the source of goods bearing those

marks"); *Gucci Am., Inc. v. Dart, Inc.*, 715 F. Supp. 566, 568 (S.D.N.Y. 1989) ("The green-red-green stripe device is a strong mark.").

28.    Gucci America owns several valid and subsisting United States trademark registrations for its GRG and BRB Webbing Logos.  The GRG Webbing Logo design mark is the subject of several registrations on the Principal Register in the United States Patent and Trademark Office (the "USPTO"), including the following federal registration:

| Mark | Reg. No. | Reg. Date | First Use in Commerce | Goods/Services (Class) |
|---|---|---|---|---|
|  | 4379039 | 8/6/2013 | 1967 | Shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, cloth bibs, scarves, ties, hats, gloves, suspenders, belts. (25) |

29.    A copy of the trademark registration for Registration No. 4379039 is attached hereto as **Exhibit C**.

30.    Additionally, Gucci America owns and maintains common law trademark rights to the GRG Webbing Logo by virtue of its use in commerce throughout the United States (collectively, with Gucci America's rights in the mark bearing Registration No. 4379039, the "GRG Webbing Marks").

31.    The BRB Webbing Logo design mark, likewise, is the subject of several registrations on the Principal Register in the USPTO, including the following federal registration:

| Mark | Reg. No. | Reg. Date | First Use in Commerce | Goods/Services (Class) |
|------|----------|-----------|----------------------|------------------------|
| (Blue-Red-Blue) | 1520796 | 1/17/1989 | 1967 | Goods made or coated with precious metal – namely candle holders, watches, cufflinks, bracelets, pendants, key rings, paper-weights, earrings, rings, necklaces, ice buckets, goblets, and stylized animal containers. (14) |

32.    A copy of the trademark registration for Registration No. 1520796 is attached hereto as **Exhibit D**.

33.    Gucci America's Registration No. 1520796 has become incontestable pursuant to 15 U.S.C. § 1065 because the trademark it covers "has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce."

34.    Additionally, Gucci America owns and maintains common law trademark rights to the BRB Webbing Logo by virtue of its use of it in commerce throughout the United States (collectively, with Gucci America's rights in the mark bearing Registration No. 1520796, the "BRB Webbing Marks," and collectively with the GRG Webbing Marks, the "GRG and BRB Webbing Marks" or simply the "Webbing Marks").

35.    From their inception decades ago, and throughout their continuous use by Gucci America since then, the GRG and BRB Webbing Marks have been non-functional and have served to distinguish GUCCI products bearing those marks from the products of Gucci America's competitors and to identify the GUCCI brand as the source of those products.

36.    Gucci America expends significant resources in carefully and closely monitoring and policing the use of its iconic marks, including the GRG and BRB Webbing Marks, by third parties, and in enforcing its trademark rights throughout

the United States.  Gucci America does not permit third parties to use the Webbing Marks, absent a license, which it selectively grants to a very limited number of licensees.  In fact, currently, Gucci America has only two authorized licensees.  Gucci America actively enforces its federal and common law trademark rights in the Webbing Marks to safeguard the immense value and consumer goodwill it has engendered in those marks, and to preserve the exclusivity of the Webbing Marks to Gucci America.

37.   Gucci America's GRG and BRB Webbing Marks are famous, having acquired widespread recognition among the general consuming public of the United States and around the world as distinctive source-identifiers for GUCCI.  The fame that Gucci America's Webbing Marks have achieved is further evidenced by the numerous trademark registrations on the Principal Register of the USPTO that Gucci America has obtained for the GRG and BRB Webbing Marks over the years. For example, in addition to Registration No. 4379039, Gucci America owns the following federal registrations for the GRG Webbing Logo:

| Mark | Reg. No. | Reg. Date | First Use in Commerce | Goods/Services (Class) |
|---|---|---|---|---|
| <br>(Green-Red-Green) | 1122780 | 7/24/1979 | 1963 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, passport cases, cosmetic cases, attaché cases, valises, suitcases, duffles, necktie cases, umbrellas, saddles, bridles, walking sticks, canes, and key cases. (18) |

| Mark | Reg. No. | Reg. Date | First Use in Commerce | Goods/Services (Class) |
|---|---|---|---|---|
|  (Green-Red-Green) | 1483526 | 4/5/1988 | 1967 | Footwear. (25) |
|  (Green-Red-Green) | 1123224 | 7/31/1979 | 1967 | Goods made or coated with precious metal – namely candle holders, watches, cufflinks, bracelets, pendants, key rings, paperweights, earrings, rings, necklaces, ice buckets, goblets, stylized animal containers and letter openers. (14) |
|  | 4567112 | 7/15/2014 | 2010 | Eyeglasses and sunglasses and cases therefor; protective covers and cases for mobile electronic communication devices and computers; cell phone straps; computer carrying cases. (9) |
|  |  |  | 2010 | Jewelry and key rings of precious metal. (14) |
|  |  |  | 2010 | Cosmetic cases sold empty, suitcases, luggage, duffle bags, diaper bags partly and wholly of leather; pet accessories, namely, carriers, collars and leashes. (18) |

38.    The foregoing trademark registrations are attached hereto as **Exhibit E**.

39.    In addition to Registration No. 1520796, Gucci owns the following federal registrations for the BRB Webbing Logo:

-24-

| Mark | Reg. No. | Reg. Date | First Use in Commerce | Goods/Services (Class) |
|------|----------|-----------|----------------------|------------------------|
|  | 4563151 | 7/8/2014 | 1963 | Gym bags, wallets, cosmetic cases sold empty. (18) |
|  (Blue-Red-Blue) | 1511774 | 11/8/1988 | 1963 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, passport cases, cosmetic cases sold empty, attaché cases, valises, suitcases, duffle bags, necktie cases, umbrellas, saddles, bridles, walking sticks, canes and key cases. (18) |
|  (Blue-Red-Blue) | 1495863 | 7/12/1988 | 1967 | Footwear. (25) |

40. The foregoing trademark registrations are attached hereto as **Exhibit F**.

41. In addition to its existing registrations, Gucci America continues to prosecute additional trademark applications for federal registration of the BRB and GRG Webbing Marks in the USPTO.

**B.   <u>Forever 21's Willful Misappropriation of Gucci America's Famous Webbing Marks</u>**

42. Plaintiff and counter-defendant Forever 21 is a nationwide clothing retailer whose offerings are inexpensive "knock-offs" of the most fashionable

designers.  Being sued for thefts of intellectual property is apparently just a cost of doing business for it, and one which does not interfere with its overall business model, which is behind the company's growth into a $4 billion business with more than 500 retail stores and an active e-commerce website.

43.    Forever 21 has a well-documented history of infringing the trademarks, trade dress, copyrights, and designs of successful fashion brands.  In this district alone, upon information and belief, more than a hundred cases for infringement of copyright or trademark rights have been brought against Forever 21 in the past decade.  As Magistrate Judge Dolinger of the Southern District of New York has noted, "***the extraordinary litigating history of [Forever 21] . . . raises the most serious question as to whether it is a business that is predicated in large measure on the systematic infringement of competitors' intellectual property***." *Anthropologie, Inc. v. Forever 21, Inc.*, 2009 WL 690239, at *4 (S.D.N.Y. Mar. 13, 2009) (emphasis added).

44.    Upon information and belief, in or around December 2016, if not earlier, and continuing to the present, Forever 21 began attempting to profit from the considerable consumer goodwill attendant to Gucci America's GRG and BRB Webbing Marks by selling products bearing marks identical and/or confusingly similar to the Webbing Marks (the "Infringing Products").

45.    The Infringing Products offered by Forever 21 include, but are not necessarily limited to, the products depicted below, which are shown side-by-side with a genuine Gucci America product, and which bear the same or confusingly similar marks:

| Gucci America's Use Of Its GRG And BRB Webbing Marks | Forever 21's Infringing Products |
|---|---|
|  "Crackle Leather Bomber Jacket" |  "Metallic Faux Leather Bomber" |
|  "Acid Blooms Print Bomber" and "Blooming in Your Garden Floral Silk Bomber" |  "Floral Bomber Jacket" |

Case No. CV 17-04706-FMO(Ex)
DEFENDANT GUCCI AMERICA, INC.'S
PARTIAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Gucci America's Use Of Its GRG And BRB Webbing Marks | Forever 21's Infringing Products |
|---|---|
|  "Viscose Stretch Knit Top" |  "Long-Sleeve Striped Cuff Tee" |
|  "Embroidered Bonded Cotton Top" |  "Cherry Paris Butterfly Sweater" |

| Gucci America's Use Of Its GRG And BRB Webbing Marks | Forever 21's Infringing Products |
|---|---|
|  "Tech Jersey Bomber with Embroidery" |  "Embroidered Satin Bomber Jacket" |
|   "Jersey Stirrup Legging with Floral Embroidery" and "Tech Jersey Jogging Pant" |  "Private Academy Sweatpants" |

| Gucci America's Use Of Its GRG And BRB Webbing Marks | Forever 21's Infringing Products |
|---|---|
|  "Shine Jersey V-Neck Dress" |  "Tiger Embroidery Stripe Sweater" |
|  "Web Grosgrain Bow Brooch" |  "Striped Choker" |

46.    Forever 21's use of reproductions, counterfeits, copies, or colorable imitations of Gucci America's GRG and BRB Webbing Marks (the "Infringing Designations") has created a likelihood of substantial confusion and mistake among consumers as to the source or origin of the Infringing Products and as to Gucci America's connection or affiliation with, or endorsement of, the Infringing Products and Forever 21.

Case No. CV 17-04706-FMO(Ex)
DEFENDANT GUCCI AMERICA, INC.'S
PARTIAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

47.     Further, Forever 21's use of the Infringing Designations on the Infringing Products diminishes the distinctiveness of the Webbing Marks insofar as it reduces the exclusivity that the Webbing Marks carry by virtue of their association with Gucci America.  Forever 21's use of the Infringing Designations further dilutes the value of the Webbing Marks by associating the Webbing Marks with Forever 21, which is known as a purveyor of imitation designer apparel, as contrasted with the GUCCI brand, which is known for innovative design, high fashion and unparalleled quality.

48.     Upon information and belief, Forever 21's infringement of Gucci America's Webbing Marks was and continues to be willful and intended to cause confusion or mistake among consumers for Forever 21's benefit.  Forever 21's acts in deceiving consumers into believing that Gucci America products could be purchased at Forever 21 was not an innocent coincidence: it occurred at the very same time that Gucci America was seeing, and continues to see, record performance in sales flowing from the new creative direction of the GUCCI brand under the helm of its creative director, Alessandro Michele.  *GQ* magazine recently declared GUCCI "the hottest label on earth right now," commenting that stores "can't seem to keep anything in stock longer than a couple of days.  All hail the new king of cool."[3]  Significantly, this new creative direction has, among other things, expanded the prominence of the Webbing Logos in GUCCI's apparel line, helping to make the GUCCI brand—and Webbing Logos in particular—more popular than ever.  Upon information and belief, Forever 21's actions in infringing Gucci America's GRG and BRB Webbing Marks—which coincide with GUCCI's expansion of the prominence of the Webbing Marks in its fashion line—is a deliberate effort to trade on the popularity of the Webbing Marks that Gucci America has achieved through substantial investment and innovation.

---

[3]   *Why Gucci Is The Hottest Label On Earth Right Now*, GQ (Aug. 27, 2016) http://www.gq.com/story/gucci-alessandro-michele-loafers-embroidery.

49.     Forever 21's willfulness in infringing the Webbing Marks is evident not only from its blatant copying of the Webbing Logos and other source-identifying features of popular GUCCI products at the height of the brand's popularity, but also from its continued sale of the Infringing Products even after Gucci notified Forever 21 that its sales were in violation of Gucci America's rights in its Webbing Marks.

50.     Specifically, on or about December 7, 2016, Gucci America wrote to Forever 21 demanding that it cease and desist from, *inter alia*, infringement of the BRB Webbing Marks.   Forever 21 failed to provide any substantive response, requiring Gucci America to send additional letters on January 6 and February 13, 2017, in which Gucci America repeated its demand that Forever 21 cease and desist from selling products that infringed on, *inter alia*, Gucci America's BRB Webbing Logo Registration No. 1520796, as well as its GRG Webbing Logo Registration No. 4379039, and identified further examples of Infringing Products that had come to Gucci America's attention in the interim.

51.     Upon information and belief, Forever 21's failure to timely and meaningfully respond to Gucci America's demands was an intentional delay tactic designed to avoid taking responsibility for its infringing conduct, all the while continuing to sell and profit from the Infringing Products.

52.     Despite having been on notice for months that its conduct infringed Gucci America's rights in its Webbing Marks, upon information and belief, Forever 21 nonetheless continues to market and sell Infringing Products.

## FIRST CAUSE OF ACTION

### Infringement of Registered Trademarks Under
### Section 32 of the Lanham Act, 15 U.S.C. § 1114

53.     The foregoing allegations are incorporated as if re-alleged herein.

54.     Gucci America owns federal trademark registrations bearing Registration Nos. 4379039 and 1520796.

Case No. CV 17-04706-FMO(Ex)
DEFENDANT GUCCI AMERICA, INC.'S
PARTIAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

55.   In the sale, offering for sale, distribution, and advertising of the Infringing Products, Forever 21 uses in commerce a reproduction, counterfeit, copy, or colorable imitation of the Webbing Marks registered by Registration Nos. 4379039 and 1520796.

56.   Upon information and belief, Forever 21's sale, offering for sale, distribution, and advertising of the Infringing Products bearing the Infringing Designations have caused, are likely to continue to cause, and are intended to cause confusion and mistake among, or to deceive, consumers and the trade.

57.   Forever 21's marketing and sale of the Infringing Products bearing the Infringing Designations constitute infringement of the Webbing Marks registered by Registration Nos. 4379039 and 1520796 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58.   Forever 21's acts of trademark infringement have caused and, unless restrained, will continue to cause great and irreparable injury to Gucci America and to the substantial consumer goodwill that Gucci America has engendered, in an amount that cannot be ascertained at this time, leaving Gucci America with no adequate remedy at law.

59.   Accordingly, Gucci America is entitled to injunctive relief against Forever 21, restraining it from any further infringement of the Webbing Marks registered by Registration Nos. 4379039 and 1520796 and, after trial, recovery of any damages proven to have been caused by reason of Forever 21's infringement of those Webbing Marks.

## SECOND CAUSE OF ACTION

### Trademark Infringement and False Designation of Origin Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

60.   The foregoing allegations are incorporated as if re-alleged herein.

61.   Forever 21's actions, including, but not limited to, its unauthorized use of the Infringing Designations in commerce in connection with the Infringing

-33-

Products, constitutes a false designation of origin, false and misleading representations of fact, and false and misleading descriptions of fact, which have caused, and are likely to cause, confusion, mistake, and deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Forever 21's promotion, distribution, sale and offering for sale of the Infringing Products bearing the Infringing Designations is intended to cause, has caused, and is likely to cause, confusion, mistake, or deceit as to the affiliation, connection, or association of Forever 21 and the Infringing Products with Gucci America, or as to the origin, sponsorship, approval of Forever 21's goods, services, or commercial activities by Gucci America.

63.     Forever 21's deceptive promotion, distribution, sale and offering for sale of the Infringing Products bearing the Infringing Designations constitute a false designation of origin and false and misleading descriptions and representations of fact in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64.     Accordingly, Gucci America is entitled to injunctive relief against Forever 21, restraining it from any further infringement of the Webbing Marks and, after trial, recovery of any damages proven to have been caused by reason of Forever 21's infringement of the Webbing Marks.

## THIRD CAUSE OF ACTION

### Trademark Dilution, 15 U.S.C. § 1125(c)

65.     The foregoing allegations are incorporated as if re-alleged herein.

66.     Gucci America is the exclusive owner of the GRG and BRB Webbing Marks in the United States, which are inherently distinctive and have acquired a high degree of distinctiveness through Gucci America's use of the Webbing Marks in commerce for many years.

67.     The Webbing Marks have achieved wide recognition and fame among the general consuming public of the United States as a designation of source of the goods or services of Gucci America.

68.     Forever 21's use of the Infringing Designations in connection with the marketing and sale of the Infringing Products, without Gucci America's authorization, is likely to cause dilution by blurring and tarnishment of, and does, in fact, dilute and detract from the distinctiveness of, the famous Webbing Marks, with consequent damage to Gucci America and to its substantial business and goodwill symbolized by the Webbing Marks in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

69.     Upon information and belief, Forever 21 willfully intended to trade on the recognition of the Webbing Marks.

70.     Forever 21's willful acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to Gucci America and to the substantial consumer goodwill that Gucci America has engendered, in an amount that cannot be ascertained at this time, leaving Gucci America with no adequate remedy at law.

71.     Accordingly, Gucci America is entitled to injunctive relief against Forever 21, restraining it from any further acts of trademark dilution and, after trial, recovery of any damages proven to have been caused by reason of Forever 21's acts of trademark dilution.

## FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

72.     The foregoing allegations are incorporated as if re-alleged herein.

73.     In the sale, offering for sale, distribution, and advertising of the Infringing Products, Forever 21 uses the Infringing Designations without Gucci America's authorization.

74.     Forever 21's actions, including, but not limited to, its unauthorized use of the Infringing Designations in commerce in connection with the Infringing Products, constitute trademark infringement which has caused, and is likely to cause,

confusion, mistake, and deception in violation of Gucci America's common law rights to the Webbing Marks.

75.   Forever 21's promotion, distribution, sale and offering for sale of the Infringing Products bearing the Infringing Designations is intended to cause, has caused, and is likely to cause confusion, or mistake, or deceive as to the affiliation, connection, or association of Forever 21 and the Infringing Products with Gucci America, or as to the origin, sponsorship, approval of Forever 21's goods, services, or commercial activities by Gucci America.

76.   Forever 21's acts, as described above, constitute common law trademark infringement.

77.   Accordingly, Gucci America is entitled to injunctive relief against Forever 21, restraining it from any further infringement of the Webbing Marks and, after trial, recovery of any damages proven to have been caused by reason of Forever 21's infringement of the Webbing Marks.

## FIFTH CAUSE OF ACTION

### Trademark Dilution, California Business & Professions Code § 14247

78.   The foregoing allegations are incorporated as if re-alleged herein.

79.   Gucci America is the exclusive owner of the GRG and BRB Webbing Marks in California, which marks have achieved wide recognition by the general consuming public of California as a designation of source of the goods of Gucci America through Gucci America's long-time and extensive promotion and use of the Webbing Marks in California in connection with substantial sales of Gucci America products in California.

80.   Forever 21's intentional use of the Infringing Designations in commerce in connection with the marketing and sale of the Infringing Products, without Gucci America's authorization, is a commercial use of the Webbing Marks that is likely to cause dilution of the Webbing Marks, with consequent damage to

Gucci America and its substantial business and goodwill symbolized by the Webbing Marks.

81. Forever 21's acts constitute trademark dilution under California Business & Professions Code § 14247.

## SIXTH CAUSE OF ACTION

### Unfair Competition Under California Common Law and California Business & Professions Code § 17200, *et seq.*

82. The foregoing allegations are incorporated as if re-alleged herein.

83. By the conduct alleged above, Forever 21 has intentionally and willfully engaged in unlawful, unfair, and/or fraudulent methods of competition, and unfair or deceptive acts or practices in violation of California Business & Professional Code § 17200 and the common law.

84. Forever 21's actions, including, but not limited to, its unauthorized use of the Infringing Designations in commerce in connection with the marketing and sale of the Infringing Products, constitutes an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

85. Forever 21's actions are likely to cause confusion, misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between Forever 21 and Gucci America, and constitute unfair competition at common law and under California Business & Professions Code § 17200.

86. Upon information and belief, unless restrained by this Court, Forever 21 will continue to infringe Gucci America's Webbing Marks, and trade unfairly in connection therewith, such that money damages will not afford Gucci America adequate relief for the injury to Gucci America's goodwill sustained by such actions.

87. Upon information and belief, Forever 21 has the purpose or intent to injure Gucci America, a competitor, or to destroy competition.

88.     Forever 21's actions have resulted in direct and proximate damage to Gucci America.

89.     Forever 21 has been unjustly enriched as a direct result of its wrongful acts, and Gucci America is entitled to restitution, in an amount to be determined a trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Gucci America prays for judgment and relief against Forever 21 as follows:

1.     Injunctive relief where appropriate;

2.     An accounting by Forever 21 of its profits for all infringement of Gucci America's Webbing Marks;

3.     Actual damages in an amount to be proven at trial;

4.     Punitive or exemplary damages where appropriate;

5.     Reasonable costs and attorneys' fees pursuant to applicable law;

6.     Pre and post-judgment interest as applicable; and

7.     Any other relief the Court deems appropriate.

## **DEMAND FOR A JURY TRIAL**

Defendant and counterclaimant Gucci America hereby demands a jury trial of all issues in these Counterclaims which are triable to a jury.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: August 7, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ Daniel C. Posner
     Daniel C. Posner
     Susan R. Estrich
     Zack Schenkkan
     865 South Figueroa Street, 10th Floor
     Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
     Facsimile: (213) 443-3100

     Robert L. Raskopf (*pro hac vice* pending)
     51 Madison Avenue, 22nd Floor
     New York, New York 10010
     Telephone: (212) 849-7000
     Facsimile: (212) 849-7100

     *Attorneys for Defendant and Counterclaimant Gucci America, Inc.*

-39-